UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAZELL R. COOPER

        Plaintiff,

v.

                                                            Case No. 11-12201
COMMISSIONER OF SOCIAL SECURITY,       Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On May 20, 2011, the Plaintiff, Cazell R. Cooper, filed a complaint, seeking to obtain a judicial review of the final decision by the Defendant, Commissioner of Social Security. The matter was thereafter referred to a magistrate judge for, *inter alia,* a report regarding the merit, if any, of Cooper's quest for benefits.

On October 13, 2011, Cooper filed a motion, in which she sought to obtain a summary judgment because, in her opinion, the now-challenged adverse administrative decision was not supported by substantial evidence in the record. However, the Defendant, who had a different point of view, opposed Cooper's motion, and, in so doing, filed a similar request for dispositive relief.

On February 27, 2012, the magistrate judge submitted her report to the Court, in which she recommended that (1) Cooper's motion for summary judgment be denied, and (2) the Commissioner's dispositive request be granted.

I.

The underlying cause in this case is based upon Cooper's application for Disability Insurance Benefits and Supplemental Security Income on April 14, 2008. In her initial request for benefits, Cooper claimed that she was no longer able to work because of several disabling health issues. When this application was rejected, Cooper obtained a *de novo* hearing before an administrative law judge who determined that her claimed ailments did not warrant the requested relief. In the now-challenged decision, the administrative law judge concluded that Cooper had retained the residual function capacity to perform "a range of light exertional work activities as defined in 20 CFR 404.1567(b) and 416.967(b) except as restricted by the following: (a) the claimant should have the option to sit or stand at will; (b) the claimant is limited to only occasional climbing of stairs, balancing, stooping, kneeling, crouching, or crawling; and (c) the claimant should avoid even moderate exposure to hazards such as moving industrial machinery and unprotected heights." (Tr. 19)

Relying, in part, upon the testimony of a vocational expert witness, the administrative law judge concluded that Cooper could satisfy the minimum requirements of "light, unskilled occupations such as a cashier, an assembler or an inspector." (Tr. 23). Feeling aggrieved by this adverse determination, Cooper sought to obtain a review of this decision by the Commissioner - a request that was ultimately denied. This lawsuit followed.

II.

Under 42 U.S.C. § 405(g), final decisions of the Social Security Administration can be reviewed by a federal court. However, such a judicial review is limited, in that the reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has

failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec*, 402 F.3d 591, 595 (6th Cir.2005) (internal quotations omitted). Substantial evidence has been defined as being something "more than a scintilla of evidence but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v.Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007) (internal quotations omitted). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

In her appeal, Cooper urges the Court to conclude that the now-challenged decision was erroneous because the administrative law judge (1) had failed to give full consideration to her medical difficulties involving fatigue, and (2) did not give controlling weight to the professional opinions of her two treating physicians. However, the Court, following its review of the record, disagrees with Cooper's arguments which must be rejected for several reasons.

III.

Cooper contends that the magistrate judge erroneously declared that the administrative law judge's analysis of her residual functional capacity was based on substantial evidence. In support of this position, Cooper asserts that her residual functional capacity assessment should have been restricted in scope because of the impairments relating to her fatigue. However, the record in this cause does not support Cooper's argument. In fact, the administrative law judge, who found that Cooper was capable of "light work" despite her struggles with fatigue, wrote that:

> The claimant, after all, has alleged experiencing chronic, nearly constant pain and fatigue which requires that she lay down for most of her waking hours and prevents

> her from engaging in even light housework on a regular basis. The record simply does not indicate the presence of the sorts of clinical and diagnostic abnormalities that would be expected to accompany the presence of such serious symptoms, and there is little indication that the claimant has received the sort of treatment which would generally be required by an individual with the levels of constant pain which the claimant has alleged. (Tr. 20).

Hence, the objection by Cooper who maintains that the administrative law judge had failed to consider the evidence regarding her fatigue is unfounded. In summary, the administrative law judge did consider and account for the evidence regarding Cooper's impairments.

Cooper also submits that neither the magistrate judge nor the administrative law judge considered the evidence from her treating physicians, Drs. Dermot O'Brien and. Chidozie Ononuju. In his report of October 9, 2007, Dr. O'Brien opined that Cooper could not engage in any meaningful occupation because of her severe medical limitations. (Tr. 297). He noted that Cooper was being treated with prescriptive seizure medicine and diagnosed her with chronic obstructive pulmonary disease and hypertension. *Id*. However, the administrative law judge declined to assign substantial weight to this opinion by Dr. O'Brien because it was neither supported by the medical evidence of record nor the physician's own treatment notes. Notwithstanding Cooper's argument to the contrary, there is substantial evidence in the record to support the ultimate conclusion by the administrative law judge. As an example, the treatment notes of Dr. O'Brien on December 27, 2007 state that (1) his patient's seizure disorder is well-controlled by her medication, and (2) her chronic obstructive pulmonary disease and hypertension problems are stable. (Tr. 262).The administrative law judge did consider and evaluate  Dr. O'Brien's medical opinion, but rightfully discounted its significance because it "[bore] little obvious relation to his treatment notes." (Tr. 21).

In April 2008, Dr. Ononuju opined that Cooper could carry no weight, could not grasp objects or reach repetitively, and was limited in sustained concentration due to depression and

anxiety disorder. (Tr. 298-99). In her appellate papers, Cooper urges the Court to find that the decision by the administrative law judge was legally flawed because it failed to give great weight to this treating physician's professional evaluation and conclusion. The administrative law judge found that those limitations, which had been suggested by Dr. Ononuju, were not supported by the record. The administrative law judge noted that, despite the extreme limitations which had been cited by Dr. Ononuju, there were no referrals for physical therapy, pain specialists, or any other significant treatment. In the final analysis, it appears that Dr. Ononuju's opinions were based on Cooper's subjective complaints and are not based on objective medical evidence.

IV.

For the reasons that have been stated above, (1) the magistrate judge's report is adopted in its entirety (ECF 18); (2) Cooper's motion for summary judgment is denied (ECF 11); (3) and the Commissioner's application for the entry of a summary judgement is granted. (ECF 12).

IT IS SO ORDERED.

Date: May 1, 2012							s/Julian Abele Cook, Jr.
								JULIAN ABELE COOK, JR.
								U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 1, 2012.

								s/ Kay Doaks
								Case Manager